**MILLER HARNESS COMPANY, Inc., Plaintiff,**

v.

**ARCARO & DAN'S SADDLERY, Inc., Defendant.**

**Civ. 16565.**

United States District Court
E. D. New York.

July 10, 1956.

Kaplan, Axelrod & Jaffe, New York City, for plaintiff, by B. Jaffe, New York City, of counsel.

Goodstein & Moed, Brooklyn, N. Y., for defendant.

BYERS, District Judge.

This is a plaintiff's motion for a temporary injunction pending the trial of a cause in which the plaintiff asserts a copyright infringement.

The alleged infringement has to do with the defendant's catalogue entitled, "Racing Catalogue No. 2—January, 1956."

Both parties are engaged in the sale of equipment used in connection with horseback riding and driving, namely, saddles, bridles, bits and cognate articles of equipment.

The plaintiff's catalogue No. 92 was copyrighted on June 3, 1954 under registration No. A-140242, and although that fact is denied in the answer, it is assumed to be true for the purposes of this motion.

Both catalogues contain illustrations of the various items therein described, namely, cuts, all of which are lacking in any evidence of artistic creation. The two catalogues are entirely different in outward appearance so far as the covers are concerned, and no argument seems to be made that even the most casual of observers would mistake one for the other.

Moreover, the plaintiff's catalogue lists and illustrates some items of human wearing apparel but that is not true as to the defendant's.

The defendant's catalogue embraces over two thousand items and among them are about twenty-five cuts or il-

lustrations which are similar in appearance to those contained in the plaintiff's publication; whether they are reproductions thereof or merely pictures of articles of equipment which are broadly on sale, could not be asserted in the absence of expert testimony.

There is no showing of a duplication of errors, if such there be, on the part of the plaintiff, in the defendant's catalogue. For a discussion of an adequate showing to sustain a plaintiff's cause for copyright infringement where catalogues are involved, see R. R. Donnelley & Sons Co. v. Haber, D.C., 43 F.Supp. 456.

The contrast between the showing in that case and this, is complete and informing.

The plaintiff relies upon Rushton Co. v. Vitale, 2 Cir., 218 F.2d 434, which is entirely remote in the factual sense from this case. The language quoted from the opinion of the Court was directed to the reproduction of a doll of defendant's manufacture which was held to infringe a similar product which had been copyrighted by the plaintiff, and thus the reference to a prima facie case and the rights that flow from a showing thereof, is of no assistance in this cause.

Houghton Mifflin Co. v. Stackpole Sons, Inc., 2 Cir., 104 F.2d 306, which had to do with the publication of Hitler's Mein Kampf, in which an order denying a motion for a preliminary injunction had been denied and that decision was reversed by our Court of Appeals. The discussion has to do with the existence of a copyright at all under the peculiar circumstances involved and did not touch the question of the extent to which there had been copying or reproduction.

A more helpful decision is that of Mathews Conveyor Co. v. Palmer-Bee Co., 6 Cir., 135 F.2d 73, at page 84, from which the following quotation may be permitted:

"From numerous cases it may be concluded that in order to sustain an action for infringement of copyright, a substantial copy of the whole, or a material part, must be reproduced. [Citing cases.]"

It is perfectly apparent that no substantial portion of this plaintiff's catalogue has been reproduced by the defendant, since only twenty-five items are cited out of a total of two thousand. It may even be doubted whether the plaintiff is likely to prevail at final hearing, for the question of whether the mere appearance of similar cuts to those shown in the plaintiff's catalogue by the defendant constitutes such a reproduction, is a formidable obstacle which the plaintiff must overcome.

The Supreme Court has stated the general rule touching interlocutory injunctions in Yakus v. United States, 321 U.S. 414, at page 440, 64 S.Ct. 660, at page 674, 88 L.Ed. 834, as follows:

"The award of an interlocutory injunction by courts of equity has never been regarded as strictly a matter of right, even though irreparable injury may otherwise result to the plaintiff. Compare Scripps-Howard Radio v. Federal Communications Comm., 316 U.S. 4, 10, 62 S.Ct. 875, 880, 86 L.Ed. 1229, and cases cited. Even in suits in which only private interests are involved the award is a matter of sound judicial discretion, in the exercise of which the court balances the conveniences of the parties and possible injuries to them according as they may be affected by the granting or withholding of the injunction. [Citing cases.]"

Within the foregoing, it seems clear to this court that the inconvenience which would be suffered by the defendant if this motion were to be granted, would far outweigh any possible advantage which would accrue to the plaintiff by a contrary disposition; for which reason the motion for a temporary injunction is denied.

Settle order.